IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E SIMS, | No. C06-06782 MJJ |
| Plaintiff, | **ORDER DISMISSING APPEAL** |
| v. | |
| F NAMDARAN, | |
| Defendant. | |

The Court hereby **DISMISSES** this bankruptcy appeal for failure to prosecute pursuant to FED. R. CIV. P. 41(b).

Appellants have failed to comply with scheduling deadlines for this appeal in accord with the Notice of Briefing entered November 29, 2006. (Docket No. 4.) Pursuant to the Notice of Briefing, Appellants' opening brief was due December 29, 2006. Appellants did not file an opening brief, did not seek an extension of time, and provided no explanation of their failure to prosecute this appeal for more than nine months.

On September 27, 2007, the Court ordered Appellants to show good cause by October 3, 2007, why no opening brief had been filed and why the Court should not dismiss the appeal for failure to prosecute. (Docket No. 6.) Appellants did not respond to the Court's Order until October 11, 2007. (Docket No. 7.)[1]

---

[1] The Court finds Appellants' explanation for their delay in responding to the Order To Show Cause excusable. An address discrepancy delayed Appellants' response to the OSC. The Court will therefore consider the substance of Appellants' explanation for their failure to prosecute the bankruptcy appeal.

1    The Court finds that Appellants have not offered an explanation that constitutes good cause
2 for failure to comply with the briefing schedule set by this Court.  Appellants have also not
3 established that their failure to file a timely opening brief was caused by mistake, inadvertence, or
4 excusable neglect.  To the contrary, Appellants concede that they were fully aware of the deadline
5 but chose not to expend the resources to pursue the appeal because they were engaged in settlement
6 negotiations at the time.  Pursuit of settlement negotiations alone does not constitute good cause for
7 failing to file an opening brief or for failing to request a continuance of the briefing schedule.  Even
8 if the parties were engaged in dispositive settlement talks, it was Appellants' responsibility either to
9 proceed with the appeal or to timely request a continuance from the Court.  Appellant's only other
10 proffered argument  – that they have "never been reminded" by the Court to file the opening brief –
11 borders on frivolous and disregards Appellants' obligations to comply with Court orders and to
12 diligently prosecute their appeal.  Appellant's conduct constitutes sufficient negligence, indifference,
13 or both, to warrant dismissal.  *See In re Beverly Mfg. Corp.*, 778 F.2d 666, 667 (11th Cir. 1985); *In*
14 *re Tampa Chain Co., Inc.* 835 F.2d 54, 55-56 (2d. Cir. 1987).

15    Accordingly, the Court **DISMISSES** the appeal failure to prosecute pursuant to FED. R. CIV.
16 P. 41(b).  The Clerk of the Court is **DIRECTED** close the file.

18 **IT IS SO ORDERED.**

21 Dated: October 30, 2007                                                   _____
                                                                                               MARTIN J. JENKINS
22                                                                                             UNITED STATES DISTRICT JUDGE